**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 6:08-bk-04327-KSJ |
| Mirabilis Ventures, Inc., ) | |
| ) | Chapter 11 |
|     Debtor. ) | |
| ) | |
| Mirabilis Ventures, Inc., ) | |
| ) | Adv. Pro. No: |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RAVI ROOPNARINE, AS TRUSTEE OF THE ) | |
| RAVI WORLD LAND TRUST dated December ) | |
| 20, 2007, RAVI ROOPNARINE, individually, ) | |
| and FLHP-MS, LLC, ) | |
| ) | |
|     Defendants. ) | |

**COMPLAINT**

Plaintiff, MIRABILIS VENTURES, INC., a Nevada corporation, ("Mirabilis"), by and through undersigned counsel, hereby sues Defendants, RAVI ROOPNARINE, as Trustee of the RAVI WORLD LAND TRUST dated December 20, 2007, a Florida land trust ("Ravi World"), RAVI ROOPNARINE, an individual ("Roopnarine"), and FLHP-MS, LLC a Florida limited liability company, ("FLHP-MS") and alleges:

1.    Mirabilis is a Nevada corporation with its principal place of business located in Orange County, Florida.

- 2 -

2.  Ravi World is a Florida land trust having its principal address in Lake County, Florida.

3.  Roopnarine is an individual who resides in Lake County, Florida.

4.  FLHP-MS is a Florida limited liability company with its principal place of business located in Lake County, Florida.

5.  The managing member of FLHP-MS, LLC is Roopnarine.

6.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This proceeding is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(4) and Mirabilis consents to entry of final orders or judgment by the bankruptcy judge.

7.  Pursuant to 28 U.S.C. § 1391, venue is proper as O2 HR resides in this judicial district and a substantial part of the events or omissions giving rise to the claims contained herein occurred in this judicial district.

8.  On or about December 27, 2007, Ravi World and Mirabilis entered into a Membership Interest Purchase Agreement (the "Purchase Agreement").  A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit #1** and incorporated herein by this reference.

9.  On or about December 27, 2007, Ravi World and Mirabilis also entered into a Pledge and Security Agreement (the "Pledge Agreement").  A true and correct copy of the Pledge Agreement is attached hereto as **Exhibit #2** and incorporated herein by this reference.

10. On or about December 27, 2007, Ravi World executed and delivered a Promissory Note to Mirabilis in the amount of $585,000.00 (the "Note").  A true and correct copy of the Note is attached hereto as **Exhibit #3** and incorporated herein by this reference.

- 3 -

11. On or about December 27, 2007, Roopnarine executed and delivered an absolute, unconditional, an irrevocable guaranty in favor of Mirabilis (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit #4** and incorporated herein by this reference.

12. Mirabilis has retained undersigned counsel to represent it in this lawsuit and such counsel is entitled to a reasonable fee for their services.

13. All conditions precedent to the institution of this lawsuit have been performed, satisfied, excused, or waived.

### Count I – Action on Promissory Note

14. Mirabilis realleges paragraphs 1 through 13 as though fully set forth herein.

15. Mirabilis owns and holds the Note.

16. Ravi World failed to pay the installment payment due on the Note on December 31, 2008 and Mirabilis has elected to accelerate payment of the balance due on the Note, pursuant to its terms.

17. The principal amount of the indebtedness is $585,000.00. As of the date of the filing of this Complaint, Ravi World owes Mirabilis $671,644.11, representing principal and interested accrued from default.

WHEREFORE, Mirabilis demands judgment against Ravi World for damages, prejudgment and postjudgment interest, costs, attorney's fees, and such other and further relief as this Court deems proper.

### Count II – Breach of Purchase Agreement

18. Mirabilis realleges paragraphs 1 through 13 as though fully set forth herein.

19. The Purchase Agreement constitutes a valid and binding contract by and between Ravi World and Mirabilis.

20. Ravi World has breached the Purchase Agreement by failing to pay the purchase price as provided in the Purchase Agreement.

21. As a direct and proximate result of Ravi World's breach of the Purchase Agreement, Mirabilis has sustained damages.

WHEREFORE, Mirabilis demands judgment against Ravi World for damages, prejudgment and postjudgment interest, costs, attorney's fees, and such other and further relief as this Court deems proper.

### Count III – Action on Guaranty

22. Mirabilis realleges paragraphs 1 through 13 as though fully set forth herein.

23. Under the Guaranty, Roopnarine absolutely, unconditionally, and irrevocably guarantees Ravi World's indebtedness as that terms is defined in the Guaranty.

24. Ravi World has defaulted under the Purchase Agreement and the Note and Mirabilis has made or hereby makes demand for payment due under the Purchase Agreement, the Note, and the Guaranty.

WHEREFORE, Mirabilis demands judgment against Roopnarine for damages, prejudgment and postjudgment interest, costs, attorney's fees, and such other and further relief as this Court deems proper.

### Count IV – Foreclosure of Security Interest

25. Mirabilis realleges paragraphs 1 through 13 as though fully set forth herein.

26. This is an action to foreclose a security interest in the Membership interest in FLHP-MS, LLC.

27. As collateral for obligations related to this transaction and pursuant to the terms of the Pledge Agreement, Ravi World offered, as security for payment, a first priority security interest in Membership Interest in FLHP-MS, LLC.

- 5 -

28. The Membership Interest is defined by the Pledge Agreement as the "total issues and outstanding membership interests of [FLHP-MS, LLC]."

29. Mirabilis owns and holds the Pledge Agreement.

30. The encumbered property is actual membership interest in FLHP-MS, LLC.

31. Under the Note and Pledge Agreement, Ravi World owes Mirabilis principal of $585,000 that is due with interest.

32. A search of Florida Secured Transaction Registry does not reflect the filing of any UCC-I financing statement.

WHEREFORE, Mirabilis requests judgment foreclosing its security interest in the Membership Interest of FLHP-MS, LLC, and, if the proceeds of sale are insufficient to pay plaintiff's claim, a deficiency judgment against Ravi World, and Roopnarine, as guarantor, as well as prejudgment and postjudgment interest, costs, attorney's fees, and other such relief as this Court deems proper.

/s/ Damien H. Prosser
DAMIEN H. PROSSER
Florida Bar No. 0017455
dprosser@shutts.com
ERIC S. ADAMS
Florida Bar No. 0090476
eadams@shutts.com
SHUTTS & BOWEN LLP
100 South Ashley Drive, Suite 1500
Tampa, Florida 33602
Telephone: (813) 229-8900
Facsimile: (813) 229-8901
Attorneys for Mirabilis Ventures, Inc.