# EXHIBIT #4

## GUARANTY

**THIS GUARANTY** (the "Guaranty"), is made and entered into on December 27, 2007, by **RAVI ROOPNARINE**, an Individual, who resides at 11450 Nellie Oaks Bend, Clermont, FL 34711 ("Guarantor") to and for the benefit of **MIRABILIS VENTURES, INC.**, a Nevada corporation ("Seller"), at 2875 South Orange Avenue, Suite 500, PMB 2325, Orlando, Florida 32806. Guarantor and Seller are sometimes referred to herein individually as a "Party" and collectively as the "Parties."

## RECITALS:

**WHEREAS**, Seller has entered into a Membership Interest Purchase Agreement with **Ravi Roopnarine as Trustee of the RAVI WORLD LAND TRUST dated December 20, 2007**, a Florida land trust (the "Obligor"), having an address of 11450 Nellie Oaks Bend, Clermont, FL 34711, which is dated of even date herewith (the "Purchase Agreement"), for the purchase of certain membership interest of **FLHP-MS, LLC**, a Florida limited liability company (the "Company"), whereby Obligor purchased from Seller Seventy Percent (70%) of the total issued and outstanding membership interests of the Company ("Membership Interest") for the total purchase price of **SEVEN HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($750,000.00)** (the "Purchase Price");

**WHEREAS**, Pursuant to the terms of the Purchase Agreement, the Obligor has agreed to pay Seller the remaining outstanding balance of the Purchase Price in the total sum of of **Five Hundred Eighty-Five Thousand and 00/100 Dollars ($585,000.00)** (the "Principal") as evidenced by that certain Promissory Note executed and delivered by the Obligor in favor of the Seller for the total Principal payable to Seller, or its designee, together with interest at the fixed interest rate of Six Percent (6%) per annum (the "Note"), which is collateralized by a first priority security interest in all of Obligor's interest, right and entitlement in and to the Membership Interest including any and all results and proceeds derived from the sale of the Trust or Property (as those terms are defined in the Purchase Agreement) pursuant to that certain Pledge and Security Agreement between Seller and Obligor which is dated of even date herewith (the "Pledge Agreement") ( the Purchase Agreement, the Note, the Pledge Agreement and any and all agreements and documents executed by the Obligor ancillary thereto shall be collectively referred to herein as the "Transaction Documents"); and

**WHEREAS**, in accordance with the terms and conditions of the Purchase Agreement, Guarantor has agreed to execute and deliver this Guaranty in favor of Seller.

**NOW, THEREFORE**, in consideration of the foregoing recitals which are true and correct and are incorporated by reference herein and are made part of this Guaranty, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, Guarantor intending to be legally bound, hereby agrees as follows:

1. **Guaranty.** Guarantor absolutely, unconditionally, and irrevocably guarantees to Seller:

    (a) the full and prompt payment when due of the total principal amount of **Five Hundred Eighty-Five Thousand and 00/100 Dollars ($585,000.00)**, including any and all accrued but unpaid interest thereon, in the aggregate, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter, of any and all debts, liabilities, and obligations of Obligor for the payment of money to Seller, however created, arising or evidenced, whether direct or indirect, absolute or contingent, now or hereafter existing, due or to become due, known or unknown to Guarantor at the time of the execution of this Guaranty, including,



without limitation, all debts, liabilities and obligations of Obligor to Seller under the Transaction Documents;

(b)     the payment of all Enforcement Costs (as hereinafter defined).

All amounts due, debts, liabilities and payment obligations described in subparagraphs (a) and (b) of this Paragraph 1 are referred to herein as the "Indebtedness."

2. **Seller's Remedies**. In the event of any default by Obligor under the Purchase Agreement, the Note or any of the other Transaction Documents, after the expiration of any cure period applicable thereto, Guarantor agrees, on demand by Seller, to pay all sums guaranteed or due hereunder regardless of any defense, right of set-off or claims which Obligor or Guarantor may have against Seller. This is an absolute, irrevocable, present, and continuing guaranty of payment and not of collection. In any action to enforce this Guaranty, Seller, in its sole discretion, may proceed against Guarantor, with or without: (i) joining Obligor in any such action; (ii) commencing any action against or obtaining any judgment against Obligor; or (iii) commencing any proceeding to realize upon any Transaction Documents.

3. **Extension and Reinstatement of Guaranty**. This Guaranty shall continue to be effective, or be reinstated, as the case may be, if at any time any whole or partial payment of the Indebtedness is or is sought to be rescinded or must otherwise be restored or returned by Seller upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of Obligor or Guarantor or upon or as a result of the appointment of a receiver, intervenor or conservator of, or trustee or similar officer for, Obligor or Guarantor or of or for any substantial part of the property securing the payment of Principal and interest thereon or otherwise, all as though such payments had not been made. Without limiting the generality of the foregoing, this Guaranty shall remain in full force and effect, and collateral or other security, if any, for this Guaranty shall not be released, satisfied or discharged, for so long thereafter as there is pending against any of Obligor or Guarantor a proceeding under any federal or state bankruptcy or insolvency laws.

4. **No Discharge**. Guarantor agrees that the obligations, covenants and agreements of Guarantor under this Guaranty shall not be affected or impaired by any act of Seller, or any event or condition except payment in full of the Indebtedness and any other sums due hereunder. Guarantor further agrees that without payment in full of the Indebtedness, the liability of Guarantor hereunder shall not be discharged by: (i) the renewal or extension of time for the payment of the Indebtedness under the Purchase Agreement, the Note, the Transaction Documents or any other agreement relating to the Indebtedness, whether made with or without the knowledge or consent of Guarantor; (ii) any transfer, waiver, compromise, settlement, modification, surrender, or release of the Purchase Agreement, the Note or the other Transaction Documents; (iii) the existence of any defenses to enforcement of the Purchase Agreement, the Note or the other Transaction Documents; (iv) any failure, omission, delay or inadequacy, whether entire or partial, of Seller to exercise any right, power or remedy regarding the payment of the Principal and interest thereon or to enforce or realize upon (or to make Guarantor a party to the enforcement or realization upon) any of Seller's security for payment of the Principal and interest thereon, including but not limited to any impairment or release of such security by Seller; (v) the existence of any set-off, claim, reduction, or diminution of the Indebtedness, or any defense of any kind or nature, which Guarantor may have against the Obligor or which any party has against Seller; (vi) the application of payments received from any source to the payment of any obligation other than the Indebtedness, even though Seller might lawfully have elected to apply such payments to any part or all of the Indebtedness; or (vii) the addition of any and all other indorsers, guarantors, obligors and other persons liable for the payment of the Indebtedness and the acceptance of any and all other security for the payment of the Indebtedness; all whether or not Guarantor shall have had notice or knowledge or any act or omission referred to in the foregoing clauses (i) through (vii) of this Paragraph. Seller, Obligor and


Guarantor

Guarantor intend that Guarantor shall remain liable hereunder as a principal until all Indebtedness shall have been paid in full, notwithstanding any fact, act, event or occurrence which might otherwise operate as a legal or equitable discharge of a surety or guarantor.

5. **Application of Amounts Received**. Any amounts received by Seller from whatever source on account of any Indebtedness may be applied by Seller toward the payment of such Indebtedness, and in such order of application as Seller may from time to time elect.

6. **Waiver**. Guarantor expressly waives: (i) notice of the acceptance by Seller of this Guaranty; (ii) notice of the existence, creation, payment or nonpayment of the Indebtedness; (iii) presentment, demand, notice of dishonor, protest, and all other notices whatsoever; and (iv) the right to trial by jury in any action to enforce this Guaranty; and (v) any failure by Seller to inform Guarantor of any facts Seller may now or hereafter know about the Obligor, the payment of the Principal and interest thereon or the transactions contemplated by the Seller. Guarantor understood and agreed that Seller has no duty so to inform and that Guarantor is fully responsible for being and remaining informed by the Obligor of all circumstances bearing on the existence, creation, or risk of nonpayment of the Indebtedness. Purchase may be granted or continued from time to time by Seller to Obligor without notice to or authorization from Guarantor, regardless of the financial or other condition of the Obligor at the time of any such grant or continuation. Seller shall have no obligation to disclose or discuss with Guarantor his assessment of the financial condition of Obligor. No modification or waiver of any of the provisions of this Guaranty will be binding upon Seller except as expressly set forth in a writing duly signed and delivered on behalf of Seller.

7. **Enforcement Costs**. If: (i) this Guaranty, the Purchase Agreement, the Note or any Transaction Documents is placed in the hands of one or more attorneys for collection or is collected through any legal proceeding; (ii) one or more attorneys is retained to represent Seller in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Guaranty, the Purchase Agreement, the Note or any Transaction Document; (iii) one or more attorneys is retained to protect or enforce the lien of any of the Transaction Documents; or (iv) one or more attorneys is retained to represent Seller in any other proceedings whatsoever in connection with this Guaranty, the Note or any of the Transaction Documents or any property subject thereto, then Guarantor shall pay to Seller upon demand all reasonable attorneys' fees, costs and expenses, including without limitation court costs, filing fees, recording costs, expenses of foreclosure, title insurance premiums, minutes of foreclosure and all other costs and expenses incurred in connection therewith (all of which are referred to herein as "Enforcement Costs"), in addition to all other amounts due hereunder.

8. **Transfer of Indebtedness**. Seller reserves the right to sell, assign, transfer, negotiate or grant participations in all or any part of, or any interest in, the Seller's rights and benefits under this Guaranty. Guarantor shall not assign this Guaranty without the prior written consent of Seller. Notwithstanding any assignment or transfer of the Indebtedness or any interest therein, all portions of the Indebtedness including those assigned or transferred shall be and remain Indebtedness for the purposes of this Guaranty, and each and every immediate and successive assignee, transferee or other successor in interest with respect to such Indebtedness or interest shall, to the extent of the Indebtedness or interests assigned or transferred, be entitled to the benefits of this Guaranty to the same extent as if such assignee or transferee were Seller; provided, however, that unless the assignor or transferor shall otherwise consent in writing, the assignor or transferor shall have an unimpaired right, prior and superior to that of its such assignee or transferee, to enforce this Guaranty for its benefit as to such portions of the Indebtedness or interest therein not assigned or transferred.

9. **Governing Law; Interpretation**. This Guaranty has been negotiated, executed and delivered in Orange County, Florida, and shall be governed by the laws of the State of Florida without


Guarantor

reference to the conflicts of law principles of that State. The headings of sections and paragraphs in this Guaranty are for convenience only and shall not be construed in any way to limit or define the content, scope, or intent of the provisions hereof. As used in this Guaranty, the singular shall include the plural, and masculine, feminine, and neutral pronouns shall be fully interchangeable, where the context so requires. If any provision of this Guaranty, or any paragraph, sentence, clause, phrase or word, or the application thereof, in any circumstances, is adjudicated by a court of competent jurisdiction to be invalid, the validity of the remainder of this Guaranty shall be construed as if such invalid part were never included herein. Time is of the essence in this Guaranty. All payments to be made hereunder shall be made in currency and coin of the United States of America which is legal tender for public and private debts at the time of payment.

10.   **Seller's Security Interest**. To secure all obligations of Guarantor, Seller shall have a lien upon and security interest in (and may, without demand or notice of any kind, at any time and from time to time when any amount shall be due and payable by the Guarantor, appropriate and apply toward the payment of such amount, in such order of application as Seller may elect) any and all balances, credits, deposits, accounts, moneys, or any other real or personal property of or in the name of Guarantor now or hereafter with or in the control or possession of or in transit to Seller or any agent for Seller and shall have all the rights and remedies with respect thereto of a secured party under the Uniform Commercial Code as adopted by the State of Florida.

11.   **Waiver of Indemnification and Other Right**. Guarantor hereby unconditionally and irrevocably agrees that: (i) Guarantor will not at any time assert against Obligor (or the estate of Obligor if Obligor becomes bankrupt or becomes the subject of any case or proceeding under the bankruptcy laws of the United States of America) any right or claim to indemnification, reimbursement, contribution or payment for or with respect to any and all amounts and liabilities which Guarantor may pay or perform or be obligated to pay to or perform for Seller, including, without limitation, the Indebtedness under or with respect to this Guaranty, and (ii) Guarantor waives and releases all such rights and claims to indemnification, reimbursement, contribution or payment which Guarantor may have now or at any time against Obligor (or the estate of Obligor if Obligor becomes bankrupt or becomes the subject of any case or proceeding under the bankruptcy laws of the United States of America). Guarantor further unconditionally and irrevocably agrees that he shall have no right of subrogation with respect to, and hereby waives any right to enforce, any remedy which Seller now has or may hereafter have against Obligor, or any security now or hereafter held by Seller. Guarantor also waives any defense based upon an election of remedies by Seller which destroys or otherwise impairs any subrogation rights of Guarantor or the right of Guarantor to proceed against Obligor for reimbursement, or both. All laws exempting real or personal property from execution are hereby waived, and no benefit of exemption will be claimed under or by virtue of any exemption law now in force or which hereafter may be passed.

12.   **Additional Representations and Warranties**. In addition to and independent of any other obligation or liability under this Guaranty, Guarantor hereby represents and warrants to Seller as follows:

(a)   Guarantor has an economic investment or interest in Obligor, as a member, shareholder or otherwise, and an interest in the success of the Obligor;

(b)   Each of the reports, balance sheets, net worth statements and other financial data submitted to the Seller by or on behalf of Obligor are true, correct and complete, and Obligor has the financial ability to pay, and will fully pay, satisfy and discharge their obligations and liabilities under the Transaction Documents;


Guarantor

Page 4 of 7
Guaranty – Ravi Roopnarine

(c) Any and all balance sheets, net worth statements and other financial data with respect to Guarantor which have heretofore been given to Seller by or on behalf of Guarantors fairly and accurately present the financial condition of Guarantor as of the respective dates thereof, and, since the respective dates thereof, there has been no material adverse change in the financial condition of Guarantor;

(d) The execution, delivery and performance by Guarantor of this Guaranty do not and will not, to Guarantor's knowledge, contravene or conflict with (i) any agreement to which the Obligor is a party, (ii) any contractual restriction binding on or affecting Guarantor or any of Guarantor's property or assets;

(e) This Guaranty creates legal, valid and binding obligations of Guarantor enforceable against Guarantor in accordance with its terms;

(f) Except as disclosed in writing to Seller, there is no action, proceeding or investigation pending or, to the knowledge of Guarantor, threatened or affecting Guarantors, which may adversely affect the ability of Guarantor to pay the Indebtedness in full and to fulfill and perform the other undertakings under this Guaranty. There are no judgments or orders for the payment of money rendered against Guarantor for an amount in excess of Five Thousand Dollars ($5,000.00) which have been undischarged for a period of ten (10) or more consecutive days and the enforcement of which is not stayed by reason of a pending appeal or otherwise. Guarantor is not in default under any agreements to which Guarantor is a party;

(g) Guarantor has disclosed all events, conditions and facts known to Guarantor which could have a material adverse effect on the ability of Guarantors to perform their obligations hereunder. No representation or warranty by Guarantor contained herein, nor any schedule, certificate or other document furnished by Guarantor to Seller in connection with this Guaranty or the other Transaction Documents contains any material misstatement of fact or omits to state a material fact or any fact necessary to make the statements contained therein not misleading;

(h) Obligor has no unpaid or unsatisfied loans from, or other obligations to, Guarantor, other than the outstanding amount pursuant to the Purchase Agreement dated contemporaneously herewith.

Guarantors hereby indemnifies Seller and agree to defend and hold harmless Seller from and against: (a) any loss, cost, damage or expense occurring by reason of a breach of the foregoing representations and warranties; and (b) the loss, mitigation, subordination or other consequences adverse to Seller by reason of this Guaranty being challenged as a preference or suffering any other subjugation under any bankruptcy or other law, whether state or federal, affecting debtors, creditors and/or the relationship between and among them. Without limiting the generality of the foregoing, any and all debts and obligations of Obligor to Guarantor whether past, present or future, are hereby waived, satisfied and discharged.

13. **Successors and Assigns.** This Guaranty shall bind Guarantor and the heirs, assigns, successors, executors, administrators, and legal and personal representatives of Guarantor; provided that Guarantor shall not be entitled to transfer or assign their obligations hereunder without the prior written consent of Seller. Regardless of whether this Guaranty is executed by more than one person, it is agreed that the undersigned's liability hereunder is several and independent of any other guaranties or other obligations at any time in effect with respect to the Indebtedness or any part thereof and that Guarantor's liability hereunder may be enforced regardless of the existence, validity, enforcement or non-enforcement of any such other guaranties or other obligations.


Guarantor

14. **Advice of Counsel.** The Parties have participated jointly in the negotiation and drafting of this Guaranty. In the event an ambiguity or question of intent or interpretation arises, this Guaranty shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Guaranty. Any reference to any federal, state, local, or foreign statute or law shall be deemed also to refer to all rules and regulations promulgated thereunder, unless the context requires otherwise. The word "including" shall mean including without limitation.

15. **Submission to Jurisdiction.** The Parties acknowledge and irrevocably and unconditionally: (i) agree that any suit, action or legal proceeding arising out of or relating to this Guaranty, or the transactions contemplated hereby, must be brought in Orange County, Florida; (ii) consent to the jurisdiction of such court in any suit, action or proceeding; (iii) waive any objection which it may have to the laying of venue of any such suit, action or proceeding in any of such courts; and (iv) agree that service of any court paper may be effected on such Party by mail, as provided in this Guaranty, or in such manner as may be provided under applicable laws or court rules in the State of Florida.

16. **Attorneys' Fees.** In the event any suit or other legal proceeding is brought for the enforcement of any of the provisions of this Guaranty, the Parties hereto agree that the prevailing Party shall be entitled to recover from the other Party, upon final judgment on the merits, reasonable attorneys' fees and costs, including attorneys' fees and costs for any appeal, incurred in bringing such suit or proceeding.

17. **Notices.** Any notice, communication, request, reply or advice or other notice pertaining to this Guaranty to be given, made or accepted by either Party to the other must be in writing and shall be given or be served only by dispatching the same: (i) by hand delivery, (ii) by a reputable overnight courier delivery service, and such notice so dispatched shall become effective on the date of receipt, or (iii) by United States certified mail, return receipt requested, and addressed to the Party to be notified, and such notice so dispatched shall be deemed delivered three (3) days after the date dispatched to each Party's address as set forth above, or to such other address as designated by either Party in writing to the other Party.

18. **Entire Agreement.** This Guaranty constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersede all prior such agreements and understandings, both written and oral. This Guaranty may not be modified or amended except by a written instrument signed by Seller and Guarantor. If this Guaranty is executed in several counterparts, each of those counterparts shall be deemed an original, and all of them together shall constitute one and the same instrument. This Guaranty shall not confer any rights or remedies upon any person other than the Parties, and their respective successors and permitted assigns.

Except as otherwise specifically required herein, notice of the exercise of any right, option or power granted to Seller by this Guaranty is not required to be given.

[SIGNATURES ON NEXT PAGE]

SIGNED AND DELIVERED on the date first above specified.

WITNESSES:                                    GUARANTOR:

                                              RAVI ROOPNARINE,
                                              an Individual

Name: Leonard H. Baird, Jr.

                                              Signature:

Name: Rachel P. Eller


STATE OF _____Florida___ )
COUNTY OF _____Lake_____ )


    On this the __27th__ day of December, 2007, before me personally came Ravi Roopnarine, an Individual, who being by me duly sworn, did depose and say that he signed, sealed and delivered this instrument as his voluntary act and deed. He is personally known to me ~~or xhas xproducedx xasxidentificationxxxxxx~~

[SEAL]

Rachel P. Eller
Commission # DD462422
Expires December 16, 2009
Bonded Troy Fain Insurance Inc 800-385-7019

Notary Public

Name:



Page 7 of 7
Guaranty – Ravi Roopnarine

Guarantor